**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TALEO CORPORATION SECURITIES LITIGATION | No. C 09-00151 JSW <br><br> **ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF PROPOSED LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |

**INTRODUCTION**

Now before the Court for consideration is the Motion for Appointment as Lead Plaintiff and Approval of Proposed Lead Plaintiff's Selection of Lead Counsel filed by Greater Pennsylvania Carpenters' Pension Fund ("Greater Pennsylvania Carpenters"). The deadline to file an opposition to the motion has passed, and the motion has not been opposed by another other plaintiff class member. Having carefully considered Greater Pennsylvania Carpenters' papers, the lack of opposition, relevant legal authority, the record in this case, the Court finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L. R. 7-1(b). The hearing set for February 27, 2009 is HEREBY VACATED, and the Court GRANTS Greater Pennsylvania Carpenters' motion.

**ANALYSIS**

**A.     Lead Plaintiff**

The selection of lead plaintiff and approval of lead counsel must comply with the requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 (the "Act").[1]

---

[1] The Act also requires that notice of the action be published and that a motion to be appointed lead counsel be filed not later than 60 days after such publication. 15 U.S.C. § 78u-4(a)(3)(i)(A)(I)(II). This case, *Stemper v. Taleo Corp.*, 09-cv-151-JSW, is the third

The Act provides that "the court shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The "'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The statute, therefore, imposes a rebuttable presumption that the most capable plaintiff is the class member with the largest financial interest in the relief sought by the class. *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999). At this stage of the litigation, Greater Pennsylvania Carpenters is the only class member to appear and come forward requesting Lead Plaintiff status. Greater Pennsylvania Carpenters is an institutional investor that provides retirement benefits for approximately 15,000 members, and attests that it lost approximately $87,719 in connection with its purchase of Taleo stock. (Ellman Decl., Exs. A, B.)

Rule 23(a) also requires that the proposed lead plaintiff must assert claims or defenses that are typical of the claims or defenses of the class and the court must find that the representative parties will fairly and adequately protect the interests of the class. *In re Cavanaugh*, 306 F.3d at 730 n.5 (citing Fed. R. Civ. P. 23(a)). This analysis need only be

---

case to have been filed against Defendants in this District. The first case, *Johnson v. Taleo Corp.*, 08-cv-5182-SC, was filed on November 14, 2008. The plaintiffs in that case filed the notice required by the Act on November 17, 2008. (Declaration of Allan I. Ellman ("Ellman Decl."), Ex. D.) On December 17, 2008, the second case, *Popyk v. Taleo Corp.*, 08-cv-5182-PJH, was filed. On December 19, 2008, the plaintiff in the *Johnson* case voluntarily dismissed that matter.

On January 15, 2009, Defendants in this case filed an administrative motion in the *Popyk* case to determine if the two matters were related. *Popyk v.Taleo Corp.*, 08-cv-5634-PJH, Docket No. 4. On that same day, the plaintiff in the *Popyk* case filed a notice of voluntary dismissal. *Id.*, Docket No. 5. The court, however, did not immediately close the case and, on January 16, 2009, Greater Pennsylvania filed a timely motion to be appointed lead plaintiff. *Id.*, Docket No. 6. On January 20, 2009, Judge Hamilton denied the motion to relate the *Popyk* and *Stemper* cases and closed the *Popyk* matter.

On January 22, 2009, Greater Pennsylvania Carpenters refiled its motion for appointment as lead plaintiff in this case. In light of the fact that its initial motion was timely filed under the Act, that the motion to relate this matter with the *Popyk* case had not been resolved at the time it filed the motion, and in light of the fact that no opposition has been filed, the Court concludes that Greater Pennsylvania Carpenters' motion was timely filed.

2

preliminary at this stage in the proceedings and need not be as searching as the one triggered by a motion for class certification. *Cf. In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).

Greater Pennsylvania Carpenters purchased Taleo shares during the Class Period and claims that those prices were artificially inflated by allegedly false and misleading statements issued by Defendants. On the record before the Court, Greater Pennsylvania Carpenters has demonstrated that its claims and defenses are typical of the claims or defenses of the class. In addition, there is no suggestion in the record that there are conflicts between Greater Pennsylvania Carpenters and other class members. The Court also finds that Greater Pennsylvania Carpenters' status as an institutional investor supports a finding of adequacy. *See, e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).

Accordingly, the Court finds that Greater Pennsylvani Carpenters is the "most adequate plaintiff" pursuant to Section 78u-4(a)(3), and therefore appoints it as Lead Plaintiff.

**B.     Lead Counsel**

The Act also provides that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 784-u(a)(3)(B)(v). The decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court. *Wenderhold*, 188 F.R.D. at 587 (holding that the court "is charged with ensuring that the class receives quality representation at a fair price and cannot, therefore, simply defer to lead plaintiff's choice of counsel); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071-72 (C.D. Cal. 1999) (holding that the legislative history of the Act reveals that Congress vested the district courts with the authority to appoint lead counsel).

Greater Pennsylvania Carpenters has selected the firm of Labaton Sucharow LLP to serve as Lead Counsel and Glancy Binkow & Goldberg LLP to serve as Liaison Counsel. Greater Pennsylvania Carpenters has represented that these firms are qualified to represent the class. (Ellman Decl., Exs. F, G (firm resumes). The Court approves Greater Pennsylvania

3

1 Carpenters' retention of Labaton Sucharow and appoints it as Lead Counsel for the plaintiff
2 class.

3 Lead Counsel shall have authority to speak for all plaintiffs and class members in all
4 matters regarding the litigation including, but not limited to, pre-trial proceedings, motion
5 practice, trial and settlement, and shall make all work assignments in such a manner as to
6 facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or
7 unproductive effort. Additionally, lead counsel shall have the following responsibilities: (1) to
8 brief and argue motions; (2) to initiate and conduct discovery including, without limitation,
9 coordination of discovery with Defendants' counsel and preparation of written discovery
10 requests; (3) to direct and conduct the examination of witnesses in depositions; (4) to act as
11 spokesperson at pretrial conferences; (5) to call and chair meetings of plaintiffs' counsel as
12 appropriate or necessary; (6) to initiate and conduct any settlement negotiations with counsel
13 for Defendants; (7) to consult with and employ experts; (8) to receive and review periodic time
14 reports of all attorneys on behalf of plaintiffs to determine if the time is being spent
15 appropriately and for the benefit of plaintiffs and to determine and distribute plaintiffs'
16 attorneys' fees; and (9) to perform such other duties as may be expressly authorized by further
17 Order of this Court.

18 Finally, the Court also approves the retention of Glancy Binkow and appoints it as
19 Liaison Counsel for the plaintiff class.

**CONCLUSION**

21 For the foregoing reasons, Greater Pennsylvania Carpenters' motion is GRANTED.[2] It
22 is FURTHER ORDERED that:

---

[2] As of the date of this Order, an attorney from Glancy Binkow is the only attorney for Greater Pennsylvania Carpenters to have registered with this Court's ECF system. Within five (5) days of the entry of this Order, counsel for Greater Pennsylvania Carpenters shall: (1) if necessary, file motions to appear pro hac vice; (2) file requisite notice(s) of appearance; and (3) and register with the ECF system. The firm of Glancy Binkow shall mail a copy of this Order to the Labaton firm.

4

1.    This Order (the "Order") shall apply to the above captioned action (the "Action") and to each case that relates to the same subject matter that subsequently is filed in this Court or is transferred to this Court and is consolidated with the Action.

2.    A Master File is established for this proceeding. The Master File shall be Civil Action No. 09-cv-151-JSW. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

3.    An original of this Order shall be filed by the Clerk in the Master File.

4.    Every pleading in the Action shall have the following caption: IN RE TALEO CORPORATION SECURITIES LITIGATION, Civil Action No. 09-cv-151-JSW.

5.    The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might be consolidated as part of the action. Therefore, if or when a case that arises out of the same subject matter of the Action is hereinafter filed in this Court or is transferred from another Court, Lead Plaintiff shall serve a copy of this Order on the attorneys for the plaintiff(s) and any new defendants in such a case. In addition, Lead Plaintiff shall be required to file, before this Court, an administrative motion pursuant to Northern District Local Rule 7-11 to determine if the newly filed or transferred matters should be related and subsequently consolidated into the action. Any party opposing either relation or consolidation shall file an opposition to the administrative motion within the time frame provided for by Local Rule 7-11(b). The Court reserves the right to require the parties to address the matter of consolidation by way of motion filed pursuant to Local Rule 7-1.

**IT IS SO ORDERED.**

Dated: February 9, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE